Next and final case for today is agenda number 6, number 127-828, People of the State of Illinois v. Shaquille Prince. Are you prepared to begin? I am. Thank you, Your Honors. Thank you so much. May it please the Court, my name is Maggie Heim and I represent the appellant, Mr. Shaquille Prince. Now in every criminal case, it's the government that has the power from the beginning until the end. They have the power to accuse, the power to try you, and the power to put you in jail. And it's because of this power that the state has the burden. And they have to meet that burden the first time they take someone to trial. They don't get to try, try again, and for good reason. The label of felon and the strain of a trial is something that upends a person's life. Here the state has admitted that it did not meet its burden to prove Mr. Prince guilty of obstruction of justice at his first trial. So the only question before this Court is remedy. Should the state get a second chance when nothing stopped them from putting on evidence of a material impediment at the first trial? This Court should answer that question, no. This is the only answer that upholds the fundamental nature of the protection of double jeopardy. And it's also the answer that relies on a familiar rule, which is easily applied by prosecutors, judges, and defense attorneys since the 1970s. This is the rule from Berks of the United States. It tells us how to handle reversals on appeal. And the rule is retrial is permitted for a reversal on appeal when the reversal is based on a trial error. But double jeopardy still bars retrial if the reversal is due to a finding of insufficient evidence. And the Court gave the rationale for this. A finding of insufficient evidence by the appellate court is no different from a finding of acquittal by the jury or a finding of acquittal by the trial judge in a motion for directed verdict. So there should be no difference if that finding is made on appeal rather than in the trial court. So the application of the Berks rule to this case is simple. The appellate court here reversed because there was insufficient evidence. So retrial should be barred. Well, Counsel, how is this different from Kasler? Of course, that's the decision that, you know, the new law that the courts relied upon. So in Kasler, this court said you have to retrial. So in Kasler, there's a very important distinction. There you have the trial court specifically excluding evidence of a material impediment. So you have a traditional trial court error. So when the Kasler court was looking at that trial court error and deciding how the jury would interpret furnishing false information and the jury instruction, they know. They knew that the impediment was not a part of furnishing false information. Here, we don't have that. We don't have a trial error. We don't have the trial court saying that it was going to bind the litigants to this rule that impediment was irrelevant. So all we have is the finding of insufficiency. So I think you can look at Kasler as just being a specific application of the Berks rule where retrial is not barred because there was a trial court ruling and the insufficiency was directly related to the trial court ruling on what ended up being a post-trial change in law. So in Kasler, the trial court basically prohibited the state from offering that evidence. Whereas here, we have a situation where there was no ruling by the trial court and the state made the decision about whether or not to offer evidence of an impediment. Correct. And if we look at the federal cases where there's discussion of federal law where there's been this change in law exception, I think you can see in those cases, you don't have the prosecutor making a choice because you have a change from binding precedent. So in the same way that the parties were bound by the trial court's ruling that material impediment was not relevant, in the federal cases that are cited, you have both the attorneys and the trial judge who are bound by this federal decision that the definition is what it is and something is irrelevant or is more broad than is eventually found. We don't have that in this case. At the time of trial in this case, there was three different cases, two cases from this court and rules of statutory interpretation, which all indicated that material impediment was a part of obstruction through furnishing false information under 314. Importantly, in Comage, this court announced not only the definition of a concealment but also the intent of the legislature in criminalizing obstructive conduct. This court said obstruction of justice under 314, which is the same as the statute at issue here, when they criminalized obstruction of justice, they wanted to criminalize behavior that actually interferes. So under the rule of legislative acquiescence, that finding on legislative intent is incorporated into the statute unless it is amended. And it's been eight years since Comage at the time of trial. And then in Baskerville, we have this court specifically clarifying that concealment is not the only situation where impediment matters. Furnishing false information can also be obstruction, but in order for it to be furnishing in the sense of obstruction, the false statement provided has to have actually impeded. That's the only way providing a false statement has legal significance in an obstruction case. And then even if you're looking at these two decisions and you think, well, they haven't talked specifically about the word furnishing, you still have the 2012 decision from People v. Taylor, and I think the second district. There you have the appellate court in a case on all fours finding that material impediment applies and that giving a false name in a scenario is not a material impediment when the officer had other ways of giving that name. At the time of trial, there was no law from any district which was contrary to this Taylor holding. And even if the prosecutor thought, well, there's some ambiguity because I don't personally agree with Taylor, there's still the rule of leniency which says that an ambiguous statute should be interpreted to place a higher burden on the state. And again, this goes back to the power that the state holds when they hold someone to trial for a criminal charge. Here, omitting evidence of a material impediment required overlooking the Supreme Court and appellate court holdings as well as the rule of leniency and the rule of legislative acquiescence. And no court in Illinois or federal has held that there is an exception to double jeopardy based on a prosecutor's private choice of what proof should be required when the law is in flux. And the better practice, if a prosecutor has an argument that the statute should be easier to meet than the defense is arguing, is to file a motion in limine so that the parties and the court can actually litigate it in the trial court. Now, the state has argued that this court should rely on stare decisis in order to uphold Casler. But again, this is very different from Casler. So stare decisis concerns do not need to be raised by this case. However, if this court were to look at stare decisis, it should not rely on it to apply a broader application of Casler to this case. The principal aim of stare decisis is orderly and principled development of the law. In Casler, we have a decision which is not that old. We have a decision which has not been relied on to remand for new trials. I think it's only two times yet, although I didn't check this morning. And we have that recent decision about an exception to double jeopardy standing against a longstanding, well-worn analytical path which says there is no retrial. There's a finding of insufficiency. And that's what we have here. And then we also have that in Casler, when there was the discussion of changes in law, there was an internal friction between referring to Comage and Baskerville as firmly establishing that a material impediment is required versus the idea that there wasn't an unequivocal holding on the word furnish in the remedy section. So that internal friction between firmly established versus no unequivocal holding is going to create lots of room for disagreement in the trial courts and in the appellate courts on what kind of change of law is an appropriate change of law to avoid double jeopardy. This is going to be a very unworkable statute, an unworkable definition of change in law to apply. This is an adversarial system. Prosecutors and defense attorneys, we disagree often about what a statute means and how it should be interpreted. And we are going to disagree just as often on whether those interpretations become changes in law such that double jeopardy should not bar a retrial. There's going to be more motions to dismiss in the trial court, more judgments NOV, more appeals based on double jeopardy. It's going to be wasteful. There will be successive trials where this court and an appellate court eventually says, oh, no, there wasn't a change in law. You shouldn't have had a second trial. But by then it's too late for that litigant and it's too late for the judicial system. We've already spent all of that time, all that expense, all that emotional turmoil in going through a second trial only to be told later, this never should have happened because of double jeopardy. It's easy to avoid this broad application and this unworkable standard. Just return to the Burke standard. And if there's the right case for implementing this change in law standard, it's going to be very different from this case. It's going to be a clear change from binding precedent. To conclude, the state has vast powers and resources. And it's important to keep that at the forefront when thinking about what the double jeopardy clause is. It does a counterbalance to this power that there are certain protections which are unique to criminal law and distinguish it from civil law. Foremost among those differences are the high burden of proof and the bar on double jeopardy. This court should not permit a crack in that protection. It should reaffirm the clear rule from Burks and it should hold that a finding by an appellate court of insufficient evidence requires an outright reversal. Are there any questions? Thank you very much. Thank you. Counsel for appellate. Good morning, Your Honors.  I am Assistant Attorney General Mitchell Ness on behalf of the people of the state of Illinois. This court should reject defendant's invitation to overrule Castler's clear holdings that the change of law exception applies in Illinois and that it applies to the facts of this case. Instead, this court should afford Castler stare decisis deference, adopt its remedy for this case, and remand for a new trial. I'd like to start by teasing the two real arguments the defendant makes. One is that the change of law exception by itself should be rejected by this court. And the second is that essentially the Castler court incorrectly applied the change of law exception. To the first, the Castler court, very sufficiently and well-reasoned, made the case that the change of law exception is not offensive to double jeopardy. And this has been unanimously adopted by the federal circuits for good reason because the double jeopardy clause, of course, is limited to a certain kind of retrial. And that is the one where the only thing that would happen on retrial is that the state would attempt to present different proof or present proof in a different way to prove what it already had the chance to prove. But, of course, double jeopardy does not bar every retrial. And what the defendant fails to acknowledge is that there is a large exception to double jeopardy, which does not preclude retrials in the cases of procedural errors or trial errors, even if the state is at fault for those procedural or trial errors. So in a classic case where a state presents evidence that is, let's say, overly prejudicial or turns out to be inadmissible, that's corrected by an appellate court and remanded for a new trial to take out that procedural error. Why it's not a double jeopardy violation is because the state on retrial, the only thing that's happening is not that the state is representing evidence. It is, instead, conducting a new trial without that procedural error that impeded the first trial. That's exactly what the change-of-law exception does. In a change-of-law case, a trial goes about normally. There's no, in most cases, there's no ruling prohibiting a certain amount of evidence from coming in, and then it's overturned. Instead, what happens in most of these change-of-law cases is that a trial goes on normally under what all the parties agree is the established law at the time. It's reversed on appeal. The law is corrected, and the appellate court says that the state essentially is not faulted for failing to produce certain evidence that is post hoc required because it didn't know that it needed to do that. That's why the change-of-law exception is analogous to or similar to the procedural or trial errors and not the normal sufficiency claims. So the change-of-law exception as a whole doesn't offend double jeopardy for that reason, and that's why it's been unanimously adopted by the federal circuits. Of course, Cassler already went through this analysis in a lengthy section within its opinion, agreed with those circuits, and adopted the change-of-law exception in Illinois. Where I think the second half of the defendant's argument is more that Cassler shouldn't have applied the change-of-law exception to that case. And I would argue that Cassler correctly applied the change-of-law exception to that case. In Wacker, which this court, it's a 10-circuit case which this court relied on extensively in Cassler, the Wacker court defined the change-of-law exception as applying when whenever a conviction is reversed solely for failure to produce evidence that was not theretofore generally understood to be essential to prove the crime. And that's, of course, exactly what this court's Cassler decision did, as it explicitly noted. Cassler was a case that came around after a couple previous cases interpreting either different statutes or different elements within the obstruction of justice statute and said, well, for furnishing false information, it's now required that the state prove that the false information materially impeded a person's apprehension. In doing so, it acknowledged that no court had previously required as much, and that it was doing so for the first time, and that it was therefore not the state's fault for failing to produce that evidence at trial. And so it remanded accordingly, adopting the change-of-law exception and applying it to that case. In Cassler, did the state attempt to submit such evidence? No, and I'm glad you asked that question. Why Cassler and this case are actually more similar than defendant would suggest is that in that case, not only did the state not try to present evidence of a material impediment, it objected when the defendant attempted to introduce such evidence. So in that case, the defendant tried to ask a police officer, I think the defendant used the words, did this materially impede your investigation? The state objected and said, that's not part of the statute. That's irrelevant. The court agreed. So that's not, you know, when a defendant talks about the power of the state and everything, that's not all that different than that case where, in this case, the state agreed, as the Cassler prosecutor did, that material impediment was not required. The difference is that the defendant didn't try to introduce that evidence. So the state, in theory, in Cassler, wasn't really prevented from introducing that evidence. Instead, the defendant, well, after the trial court's ruling, of course, it would have been. But the state could have attempted to, in the first instance, try to get that in. But we know that that wouldn't have been allowed, given the trial court's ruling when the defendant tried to. Well, it would have. Let's say the state, you know, in opening starts talking about material impediment, acknowledging that it's part of the case. The defendant likely is not objecting to that. And that's unless the trial court's response says, you know, comes up with its own ruling that that is not a required part of the statute. I don't know that this would have ever been litigated at that trial. Similar to what happened here. Here, the state didn't obviously believe that a material impediment was required, didn't present that evidence. Defendant doesn't object. The trial court also, apparently, did not believe that the material impediment was not a required part of the element because they instructed the jury or, you know, didn't instruct the jury that it was a part of the furnishing false information crime. And so the reason that the change of law exception was correctly applied in Cassler is, if you really boil it down, is that prior to this court's decision in Cassler, there were two elements that were required to convict someone of furnishing false information, and that was that you furnished false information and that you did so with the intent to prevent your apprehension. What this court recognized in Cassler is that after Cassler, there was now a third element, which is that a person must have materially impeded an investigation through their furnishing of false information. And that's why the change of law exception was applicable in Cassler, and that's why this court was correctly decided to apply and adopt the change of law exception in Cassler. Another reason why Cassler correctly applied the change of law exception is that the change of law exception is not limited to when an appellate court overturns explicitly binding or controlling law. There's a slight disagreement, I would say, in how defendant and I even define what is controlling law, but regardless, whether an appellate court had been asked this question before and said that a material impediment is not required and prosecutors throughout the state go forward on that basis and then the Supreme Court were to overturn it and say, no, material impediment is required, you know, that's the classic controlling law decision that would be overturned. Whether that happens or not, the rationale for the change of law exception applies in both cases because the rationale for the change of law exception is that a prosecutor should not be faulted for failing to present evidence that it did not know was required to be presented, whether he's been explicitly told by appellate courts that you cannot present it or whether a statute has never historically been read to include such element. In either case, the prosecutor is not at fault for failing to produce that evidence. In fact, the rationale of only allowing the change of law exception to apply when explicit controlling or binding law is overturned actually kind of presents perverse incentives at the trial level because in such a case, a prosecutor is then going to look at every single statute, read, you know, in the case where there's any ambiguity, is going to present as much evidence as it possibly can to prove an element that may or may not exist. And so when on appeal, because the incentive would be on appeal, let's say that evidence proves to be prejudicial or not necessary or whatever, it gets remanded for a new trial. If the change of law exception cannot apply absent a change in controlling law, then the prosecutor and the State simply lose that conviction for failing to essentially push the envelope at trial. Counsel, does it make a difference that the false information that Defendant Furnish was done after he was arrested? No. It's an important distinction here. So the false information... When he told them the wrong date of birth and he was already at the police station when he did that, right? Right. So the distinction here is that he was not trying to impede his arrest for potentially being in a house he wasn't supposed to be in. He was trying to impede his arrest on an outstanding warrant in a different county. And so when he lied, even though he was under arrest for pending the investigation into the home robbery, he was still trying to impede his ability to be identified so that he could not be identified in regards to the outstanding warrant in the other county. And so the fact that he was under arrest for the robbery crime doesn't matter that he lied. Now, I think your question more goes to the futility argument here and whether a person can be convicted of, or can be found to have materially impeded an investigation after they're under arrest. And I would say yes. I don't think this Court has said that to materially impede, you must successfully get away with what you're trying to get away with. What the material impediment requires, as I understand it so far, is simply that you delay a police investigation for, whether it be a length of time or you delay an investigation, whether it be that you force the state to expend more resources than it normally would have or whatever the case may be. I don't think that simply that he was under arrest and that they may have eventually figured out his identity in a different way would take away all obstruction of justice convictions for that situation. It may be the case that, such as Kassler, where the officer went up to, as I remember, because I briefed it, as the officer went up to a person in a hotel room, Kassler lied about his identity, the officer happened to know him from a previous interaction and said, aren't you Rasheed Kassler? And he said yes. In that case, sure, maybe that's not material impediment, but that's not always going to be the case. And it's certainly not always going to be the case just because he was under arrest. So let's get the facts kind of down here. Police hear that there's a burglary alarm. They go to a house. They open up the door and the burglar alarm comes out. A man comes up and says, who are you? And they say to him, who are you? And he says, basically he says, I'm shortening this, I have permission to be here. And they arrest him. And they take him to the station. And then there's some discussion about his name. And obviously he has a different point of view of how the facts play out here. But the jury accepted the fact that he gave a name that was not his. He's under arrest for burglary, residential burglary. He was under arrest while they were investigating whether he was. Is that the same thing? Investigation and arrest? Yes, the difference being he wasn't at fault for being in that house. So why was he in the police station if he wasn't at fault? Because they didn't know that when they arrested him. When they went to the house. They arrested him without knowing whether he had permission to be in the house. They arrested him for investigation. That's what you're telling us. So then you tell us that he gave his name and they investigated. And somehow they found the second name. And there was a warrant outstanding for him. And that's what he's charged with. They gave him the wrong name and he was misleading the police because there was a warrant outstanding for him. What happened to that warrant? I think the warrant was ultimately dismissed by the separate county. It's a little unclear in this record for what, but it seems either been improperly granted or the case itself was dismissed, but the warrant was eventually not acted upon. I suppose after this arrest. So the warrant was somehow held to be invalid. He was charged with giving the wrong name. One last question. He was sentenced to 24 months of conditional discharge in 2019. And we're going to go back and try him again? So I'd step back one question, I suppose. Yes, he was arrested for potentially being in this house he wasn't supposed to be in. They didn't try to look up his identity. They cannot find him. Sorry, to go to this question. So, yes, it would not be futile to remand even though his sentence has been served and everything like that. That happens often in appeals where a sentence of probation is given. It takes a while for the appellate court to go through a case. And then the appellate court overturns a conviction, whether it's a procedural error or a trial error or whatever the case may be. And it goes to a retrial. That's actually, I think, a common occurrence. And it serves the state's interest in ensuring people are convicted and stay convicted with the crimes that they've committed. And in this case, it would also allow the state to potentially retry him and potentially not retry him. Counsel, wait a minute. You said that it turns out he wasn't committing a burglary so that he was detained or arrested to investigate whether he was committing a burglary. And it turned out that he wasn't. Right. And then the later warrant that he lied, where he gave the false name and date of birth so he could avoid that, that was later dismissed, right? Right. And so we're trying him, we're going to send him back to be retried for what? At the time that he lied about his identity, he was doing so with the intent to impede his arrest on an outstanding warrant. The fact that the warrant ended up being, whether it was improperly granted or dismissed, is irrelevant to his actions and his decision to do so at the time. I understand. Does judicial economy and the use of the court's time and resources have any, play any role in this scenario? This court can certainly take that into consideration on whether to remand. I would say it can remand for a new trial and allow the state to also... For a new trial for something, turns out that they dismissed that warrant. So we're trying him for, I mean, it seems like it's... Okay. We're arguing about whether or not there should be a retrial because this court has found that in order to convict someone of making a misstatement to the police, there has to be some kind of material misrepresentation. You've told us that he gave a different name and then there was a warrant that was discovered, and that therefore he was charged. And you want another trial so that you could show that there was a material misrepresentation. How are you going to do that when the underlying warrant was dismissed? Because I think it goes to the actions at the time that they occurred. I clearly understand the point, and potentially this all goes into the state's decision on whether to retry at all or whether to retry on a lower offense, as some of the appellate courts have noted in remanding these. They could be retried on attempt obstruction if they don't feel like they could prove material impediment. So it's a well-taken point. I think, though, that what matters here is the actions at the time that they were given. His intent at the time they were given, which defendant does not appeal to this court, that he lied and that he did so with the intent to prevent his apprehension, are what's relevant to the obstruction of justice statute. I don't think in the same way that inevitable discovery of somebody's identity should completely rescind a potential obstruction of justice conviction, the fact that the person's apprehension or the warrant that the person was trying to impede eventually was dismissed or, for whatever the case, does not counter the intent of the actions when they were given. Counsel, I have a question. Is this court in a position to consider the facts as they actually exist today with respect to your case? Because the warrants been quashed. It doesn't exist. Correct? Correct. So we're sending the case back to give the state another opportunity to do something that need not be done, because there's no warrant. Right, but I think the answer is somewhat the same, which is that the obstruction of justice statute, its goal is to encourage people to comply with the administration of justice. When he lied with the intent to impede the investigation into him and to not be found out on a warrant in El Salvador County, that act is the same. His intent was the same, and that's the crime that was committed. Counsel, did they find out that the warrant had been vacated even by the time that he was discovered at this residence, or did it happen later? No, I believe it was later. Counsel can correct this aspect of the record, because I don't remember either why. I believe the warrant was rescinded as essentially improperly granted, but of course warrants can be rescinded for other reasons that may not have as innocent of an outcome. And you believe that was after his arrest? Yes, it certainly was not. At the time that he was arrested and lied about his identity, the warrant was outstanding. I'd just like to, well, a brief time, but I would just like to touch on quickly that not only because Kasler was well-reasoned, but because it has not proven to be unworkable yet, as the defendant acknowledges. This has been two and a half years since Kasler. This has not overwhelmed the courts. In fact, this issue has only come up again in Kasler cases. Two Kasler cases have explicitly adopted the remedy and remanded in a similar way. The other three that the defendant cited are slightly misleading. One of them dealt with a conviction for concealing information, which of course was the Camage case, which was ten years earlier, so that wasn't a change of law case at all. And the other two made no mention of Kasler's remedy. They simply overturned a conviction for, after Kasler, after finding that there was no material impediment. So there's no indication that they certainly disagreed with Kasler's remedy, they just didn't apply it, which suggests that it may not have been briefed. It has also not overloaded the federal courts in the decades that they've been applying the change of law exception, and I don't think there's any reason to believe that this will become unworkable. So I would urge this Court to, on the unworkability side, let the process play out. If there are no further questions, I would ask this Court to affirm the judgment of the appellate court. Counsel, rebuttal. So to clarify some of the factual questions that came up, Mr. Prince testified about there not being a warrant, that there was no corroboration from defense counsel, and it was not until after trial that Prince was able to get together the documentation that the warrant was, in fact, issued in error, and there was enough pro tonque, you know, taking it away back from its original date of issuance. What do you mean it was issued in error? I mean, was it a judicial determination that there was no probable cause? Do we know what happened? Well, so I believe it was a bench warrant for failure to appear, and I think it was not appropriately issued for failure to appear, either because the date was changed or he had called in or he was in custody on this unrelated case, and that I'm not sure of the details. Now, this was something that was going to come up, and it is part of why Mr. Prince went pro se in post-trial motion times, and it's something that was raised in the opening brief, but, you know, was mooted when the State agreed that they provided insufficient evidence of material impediment. Now, the fact that all of these things have come out about the warrant means that the State's not going to be able to prove intent when they get back down into the trial court. They keep pointing out how this goes to the intent to evade the warrant, and he believed the warrant existed at the time that he gave the false name, but if Mr. Prince can show that he did not know there was a bench warrant out for his arrest, then the State cannot prove intent. Now, the State also noted that there isn't a holding yet saying that a material impediment doesn't mean you have to be successful in impeding law enforcement, but that's not true. That's what comes up specifically. I believe it's in Baskerville, but it may actually be in Cassler. This isn't attempt to obstruct. This isn't attempt to impede. This is actual impediment, so we know that actual impediment means an actual hindrance to law enforcement, and we don't have that here. Whether he's arrested for burglary or resisting arrest or evasion of this warrant, the State cannot show that him giving a false name while under arrest and after being fingerprinted in any way impeded law enforcement, and withholding his name, which I think is where the real frustration came from, is not something that he can be faulted for doing. He did not have to, and he could not be found guilty of obstruction when he refused to give the name back at the house. So the State's trying to turn it into obstruction by the fact that he gave a false name, which was also the name that the emergency contact and girlfriend knew him by, to turn this into a felony case, and it's not. According to the State's evidence, because we're going to look at that, when was this false name given? The police come and say, whose house? He says, it's my girlfriend's. They say, what's her name? He tries to call her, and then he disputes exactly what happens. But according to the State's evidence, was it at the house where he gave the other name? No. The false name was not given until after he'd been handcuffed, transported, and was going through booking at the police station. And in the opening brief, when we go through the facts showing that it was at the police station, those are all citations from the State's case. They're not from Mr. Prince's case, or Mr. Prince's theory. So I'm going to ask you the same question that I asked your opponent. Does it make a difference that the false name and date of birth was given after he was already under arrest? Yes, it makes a difference, because there was no danger the police were going to let him go. There was no issue of officer safety that was being extended by the false name. There was nothing that changed when he gave the false name, except they ran it and discovered, oh, this isn't your real name. But they were already in the process of determining his real name, and that alone wouldn't be an impediment on its own. So there's a big difference in the fact that he was completely secured down and was, in fact, being arrested on a crime before he ever gave the false name. The crime of residential burglary. So this is not in the appellate record. I believe when they first took him in, it was for resisting arrest, for when he tried to push past and go to bed. And that charge was never pursued, if that was, in fact, what he was arrested for. No, what's the charge of residential burglary? But there was no, no charges were ever filed about anything that happened in the house at all. No residential burglary, no trespass, no resisting arrest, nothing. So this is entirely about his exchange with an officer while at the police station and going through booking. So this is a truly futile attempt to go for a retrial. And I think it's important to recognize that the state is asking that we leave it to their discretion, that this court remand for retrial, leave it to the state's discretion to decide whether or not to retry. And I think in looking at that request, it's important to, again, recognize what the Double Jeopardy Clause is and what power the state holds. We want our prosecutors to be careful about what they charge and how they charge it. We want them to be sure of the law when they take someone to trial for a crime. And this court should be the one that upholds Double Jeopardy rules. It should not be to the state to decide whether or not a trial is going to be wasted. So this court need not get to the futility portion, although, assuredly, a retrial would be futile and would be further difficulties for Mr. Prince. A retrial would also violate Double Jeopardy, and this shouldn't be allowed to happen. The state is right. I do not consider a change in law to be a trial error. In Cooper, in 2000, this court said the fundamental nature of the Double Jeopardy Clause is manifested by its explicit extension to findings of insufficiency, which may be unfair to the state. So even if the state wants to say this is somehow unfair because they didn't completely know the material impediment was going to be required, it happens. You have to know what you're charging and you have to know how to take it. And there has been a finding of insufficiency here, and that should be respected. Additionally... Can I ask a practical question? Yes. Why are you asking for a retrial in this sense? If it goes back to retrial, you indicated that there is not sufficient evidence to prove this element of material interference. And then if that's true, this conviction would be vacated. Yeah. Would that be in his interest? I am not asking for a retrial. I think this case is done. I think hopefully this Court's decision plus 35 days, Mr. Prince, is no longer going to have this felony hanging over his head. We are not requesting a retrial. There was some discussion of the things that have been raised in the appellate briefs below, but that was before we had the decision on sufficiency. So we are now simply asking that this Court vacate the conviction, no retrial requested. I think it's important to recognize this is not a change in law. We already spoke about it a lot in the opening statement, so I won't go into it more. The statute's been unchanged. The jury instruction is unchanged. It still says furnishing false information and an intent to avoid apprehension. And furnishing includes the idea of necessary information. So the jury instruction includes the idea of giving information that was necessary, giving information that actually impeded law enforcement. I also want to note in WACKER, we go through this reply brief. In WACKER, there are three convictions that were reversed due to a change in controlling law. Only one was remanded for a new trial. On two, the Court said, despite there being a change in law, the evidence is insufficient, so we're not going to do that again. And it was only on one close conviction that the Court remanded. We don't have a close conviction in this case. We don't have a change in law. I also noted when the State was talking about this idea that the trial court bar on material impediment came up during cross-examination instead of during direct, the State noted that that's how it would always go, because there's no incentive to the State to bring up an element that makes it harder to prove the crime. That is exactly why this Court should ensure that there is no exception based on a change in law or an ambiguity in law. The State should not be incentivized to keep quiet when there's some ambiguity in a criminal statute. If they think they can charge it and prove it without that element, they should litigate it in the trial court. Your time is completed. Thank you very much for your time.